<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DENNIS GARRETSON, | : | Civil No. 03-5528 (SRC) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| TERRENCE MOORE, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    DENNIS GARRETSON, #157511B
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Petitioner <u>pro se</u>

    JAMES L. MCCONNELL, Assistant Prosecutor
    SOMERSET COUNTY PROSECUTOR
    P.O. Box 3000
    Somerville, New Jersey  08876
    Attorneys for Respondents

<u>CHESLER</u>, District Judge

    Dennis Garretson filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey, Somerset County.  Respondents filed an Answer, arguing that the Petition should be dismissed on the merits.  For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on May 17, 1996, in the Superior Court of New Jersey, Law Division, Somerset County, after a jury convicted him of carjacking by the unlawful taking of a motor vehicle while putting the occupant in fear of immediate bodily injury.  The Law Division sentenced Petitioner as a repetitive offender to an extended prison term of 50 years, with 10 years of parole ineligibility, imposed a $750.00 penalty, and suspended his driver's license for two years.  Petitioner appealed, and in an opinion filed June 26, 1998, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and remanded for reconsideration of the $750.00 penalty and license suspension.  State v. Garretson, No. A-6775-95T4 (App. Div. June 26, 1998).  On August 14, 1998, the Law Division entered an order vacating the penalty and license suspension.  On October 27, 1998, the Supreme Court of New Jersey denied certification.  State v. Garretson, 156 N.J. 428 (1998) (table).

On November 16, 1999, Petitioner filed a pro se petition for post conviction relief in the Law Division.  On May 22, 2001, the Law Division denied relief without an evidentiary hearing. Petitioner appealed, and in an opinion filed November 15, 2002, the Appellate Division affirmed the order denying post conviction relief.  State v. Garretson, No. A-6148-00T4 slip op. (App. Div. Nov. 15, 2002).  The Supreme Court of New Jersey denied certification on July 23, 2003. State v. Garretson, 177 N.J. 497 (2003) (table).

Petitioner executed the Petition which is now before the Court on November 13, 2003. The Clerk received it on November 17, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and

gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to

Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents seven grounds:

> Ground One:  THE COURT IMPROPERLY REFUSED TO CHARGE SECOND DEGREE ROBBERY AND THEFT FROM THE PERSON AS LESSER OFFENSES OR CARJACKING, MISTAKENLY BELIEVING THAT LESSER CHARGES COULD NOT BE REQUIRED BY THE GREATER OFFENSE.
>
> Ground Two:  BECAUSE MR. GARRESTON NEVER THREATENED TO USE FORCE AGAINST THE OCCUPANT OF THE VEHICLE, THE COURT ABUSED ITS DISCRETION IN IMPOSING AN EXTENDED SENTENCE.
>
> Ground Three:  THE $750 PENALTY AND TWO YEARS DRIVER'S LICENSE SUSPENSION IMPOSED UNDER N.J.S.A. 2C:20-2(1A)(2), MUST BE VACATED BECAUSE THE DEFENDANT WAS NOT CONVICTED OF MOTOR VEHICLE THEFT OR UNLAWFUL TAKING UNDER CHAPTER 20.
>
> Ground Four:  DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL ATTORNEY FAILED TO INVESTIGATE AND FAILED TO PRODUCE EVIDENCE.
>
> Ground Five:  FAILURE TO INSTRUCT THE JURY ON THE PRINCIPLES OF LAW ESSENTIAL TO THE JURY'S DETERMINATION OF THE FACTS IN THE ISSUE AND FAILURE TO AMPLIFY STATUTORY TERMS IN THE ELEMENTS OF THE OFFENSE OF CARJACKING DEPRIVED THE DEFENDANT OF A FAIR TRIAL.
>
> Ground Six:  THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL WHERE COUNSEL FAILED TO CONTEND THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE DEFENDANT PURPOSELY OR KNOWINGLY PUT THE OCCUPANT IN FEAR OF IMMEDIATE BODILY INJURY.

>Ground Seven: DEFENDANT WAS DENIED THE EFFECTIVE
>ASSISTANCE OF COUNSEL ON HIS PETITION FOR POST-
>CONVICTION RELIEF (NOT RAISED BELOW)**

(Pet. ¶¶ 12.A. - 12.G.)

The State filed an Answer seeking dismissal of the Petition on the merits.

## II. STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

>[A] district court shall entertain an application for a writ of habeas
>corpus in behalf of a person in custody pursuant to the judgment of
>a State court only on the ground that he is in custody in violation of
>the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, §

2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1] Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87,

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits" [3] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams,

---

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.  Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law.  See Yarborough v. Alvarado, 541 U.S. 652, _, 124 S.Ct. 2140, 2147 (2004).  Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Williams, 529 U.S. at 412.  A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III.  DISCUSSION

A.  Instructions

In Grounds One and Five, Petitioner challenges the constitutionality of the jury instructions.  The government argues that these grounds involve state law and do not implicate the Constitution and, to the extent that they raise constitutional claims, due process does not require the claimed instructions.  In Ground One, Petitioner challenges the failure to charge lesser included offenses:

> Ground One:  THE COURT IMPROPERLY REFUSED TO CHARGE SECOND DEGREE ROBBERY AND THEFT FROM THE PERSON AS LESSER OFFENSES OR CARJACKING, MISTAKENLY BELIEVING THAT LESSER CHARGES COULD NOT BE REQUIRED BY THE GREATER OFFENSE.
>
> Supporting Facts:  GARRESTON ARGUES THAT THE JURY COULD HAVE FOUND THAT HE INTENDED TO PERMANENTLY DEPRIVE THE OWNER OF THE MOTOR VEHICLE, AND HENCE, A CHARGE OF ROBBERY OR THEFT FROM THE PERSON WAS APPROPRIATE.

(Pet. ¶ 12.A.)

The Due Process Clause requires a court to instruct a jury on a lesser included offense, if warranted by the evidence, to avoid "the risk that a defendant might otherwise be convicted of a crime more serious than that which the jury believes he committed simply because the jury wishes to avoid setting him free."  Vujosevic v. Rafferty, 844 F.2d 1023, 1027 (3d Cir. 1988); see also Hopper v. Evans, 456 U.S. 605 (1982).  The problem with Petitioner's claim is that the Appellate Division found on direct review that "there was no rational basis for the jury to acquit the defendant of carjacking and convict him of the requested lesser offenses."  State v. Garretson, No. A-6775-95T4 slip op. at 10 (App. Div. June 26, 1998).  Habeas relief is not warranted for the state court's refusal "to charge a jury that it may convict a defendant for an offense when under state law the evidence could not justify the conviction."  Kontakis v. Beyer, 19 F.3d 110, 119 (3d Cir. 1994).  Moreover, because the trial judge charged the jury on the lesser included offense of unlawful taking of a motor vehicle (joyriding), the jury was given a rational choice between carjacking and acquittal.  Petitioner is not entitled to habeas relief on Ground One.

In Ground Five, Petitioner asserts that the trial court's instructions failed to properly define the elements of carjacking.  Specifically, he claims:

> Ground Five:  FAILURE TO INSTRUCT THE JURY ON THE PRINCIPLES OF LAW ESSENTIAL TO THE JURY'S DETERMINATION OF THE FACTS IN THE ISSUE AND FAILURE TO AMPLIFY STATUTORY TERMS IN THE ELEMENTS OF THE OFFENSE OF CARJACKING DEPRIVED THE DEFENDANT OF A FAIR TRIAL.
>
> Supporting Facts:  THE ISSUE IS WHETHER THE DEFENDANT'S CONDUCT WAS CAPABLE OF INSTILLING THE REQUISITE FEAR OF IMMEDIATE BODILY INJURY, AND WHETHER HE PURPOSELY OR KNOWINGLY PUT MRS. PETER'S IN FEAR OF IMMEDIATE BODILY INJURY. HE ASSERTS THAT THE TRIAL JUDGE FAILED TO

>   INSTRUCT THE JURY ON THE PRINCIPLES OF LAW THAT
>   MUST CONTROL THE JURY'S ASSESSMENT OF
>   DEFENDANT'S CONDUCT AND FAILED TO AMPLIFY THE
>   PHRASE, "FEAR OF IMMEDIATE BODILY INJURY."

(Pet. ¶ 12.E.)

A habeas petitioner who challenges the sufficiency of state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions" or demonstrate that the jury "instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). As the Third Circuit explained,

>   In considering whether this case involves a claim of error under the Constitution, laws, or treaties of the United States, it is critical to remember that the Supreme Court has made it clear that the states define the elements of state offenses. Accordingly, while there may be constitutionally required minimum criteria which must be met for conduct to constitute a state criminal offense, in general there is no constitutional reason why a state offense must include particular elements. *See McMillan v. Pennsylvania,* 477 U.S. 79, 84-86, 106 S.Ct. 2411, 2415-16, 91 L.Ed.2d 67 (1986).
>
>   It thus follows that for the error of state law in the justification instructions, assuming that there was an error, to be meaningful in this federal habeas corpus action, there would have to be a body of federal law justifying the use of deadly force which is applicable in a state criminal action charging an offense based on the defendant's use of that force. Then the error in the jury instructions would be significant if the instructions did not satisfy that body of law. Put in a different way, the jury instructions on justification, even if correct under state law, would need to have relieved the state of the necessity of proving an element of the offense as required by federal law or to have deprived the petitioner of a defense the state had to afford him under federal law in order to be significant in a federal habeas corpus action. If we concluded that a petitioner could obtain habeas corpus relief without making such a showing, then district courts in habeas corpus cases would sit as super state supreme courts for the purpose of determining whether jury

9

> instructions were correct understate law with respect to the
> elements of an offense and defenses to it.

Johnson, 117 F.3d at 110.

The problem with Petitioner's claim challenging the sufficiency of the carjacking instruction is that he does not point to a federal requirement that jury instructions on the elements of the offense must include particular provisions; nor does he show that the instructions deprived him of a defense which federal law provided to him.  Id. at 111.  Moreover, Petitioner cites no Supreme Court authority for the proposition that the jury instructions violated a clearly established federal right, as determined by the Supreme Court.  He is therefore not entitled to habeas relief on Ground Five.

B.  Sentence

In Grounds Two and Three, Petitioner challenges his sentence.  In Ground Three, Petitioner contends that the $750 penalty and the license suspension must be vacated.  Petitioner is not entitled to habeas relief on this ground, however, because the Law Division vacated the penalty and the suspension by order filed August 14, 1998.

In Ground Two, Petitioner challenges the 50-year extended sentence.  He asserts:

> Ground Two:  BECAUSE MR. GARRESTON NEVER
> THREATENED TO USE FORCE AGAINST THE OCCUPANT
> OF THE VEHICLE, THE COURT ABUSED ITS DISCRETION
> IN IMPOSING AN EXTENDED SENTENCE.
>
> Supporting Facts:  GARRESTON ALSO ARGUES THAT THE
> TRIAL JUDGE MISTAKENLY EXERCISED DISCRETION IN
> IMPOSING AN EXTENDED TERM SENTENCE.

(Pet. ¶ 12.B.)

However, it is established that a state "court may impose . . . whatever punishment is authorized by statute for [an] offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." Chapman v. United States, 500 U.S. 453, 465 (1991); see also Wainwright v. Goode, 464 U.S. 78 (1983). Petitioner is not entitled to habeas relief on Ground Two because Petitioner's statutory eligibility for sentencing as a persistent offender is a question of state law.[4]

C.  Ineffective Assistance

In Grounds Four, Six, and Seven, Petitioner asserts the ineffective assistance of trial, appellate, and post conviction relief counsel. Petitioner's claim in Ground Seven regarding the ineffective assistance of post conviction relief counsel is not cognizable. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

In Ground Four, Petitioner challenges the effective assistance of trial counsel:

> Ground Four:  DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL ATTORNEY FAILED TO INVESTIGATE AND FAILED TO PRODUCE EVIDENCE.

---

[4] Moreover, the imposition of a 50-year extended term as a persistent offender Act was not contrary to or an unreasonable application of clearly established Eighth Amendment jurisprudence, as determined by the Supreme Court. See Lockyer v. Andrade, 538 U.S. 63, 77 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case. In applying this principle for § 2254(d)((1) purposes, it was not an unreasonable application of our clearly established law for the California Court of Appeal to affirm Andrade's sentence of two consecutive terms of 25 years to life in prison").

> Supporting Facts: THE TRIAL ATTORNEY HAD PRIOR KNOWLEDGE OF DEFENDANT'S SUBSTANCE AND ALCOHOL ADDICTIONS AND ITS USE OF THESE INTOXICANTS ON THE DAY OF THE OFFENSE. COUNSEL WAS AWARE OF HIS CLIENT'S (HIV) AND REQUIRED MEDICATION. HE FAILED TO

(Pet. ¶ 12.D.)

The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Id. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In this case, Petitioner raised the ineffective assistance of trial counsel on post conviction relief. Relying on Strickland, the trial court thoroughly considered the claim:

> When the two-part STRICKLAND test is applied to this case, it's clear the defendant fails to meet the burden imposed upon him when seeking the motion for post-conviction relief. He fails to demonstrate that counsel's performance was deficient to the extent that he was not functioning as counsel guaranteed by the Sixth Amendment.

12

> The defendant has shown that, only shown that if the defendant was to re-litigate the matter, he might have chosen a different strategy. He might have explored a diminished capacity defense. He has put forth no evidence to show that the strategy counsel did employ at trial was deficient in any way.
>
> Moreover, ,the defendant has put forth no evidence to show that counsel should have pursued diminished capacity defense. In order for diminished capacity to be applicable, there must be evidence that the defendant suffered from a mental disease or defect. In addition, the disease or defect must prove that the defendant did not have the appropriate state of mind, knowing and purposeful conduct . . . . He also certifies that he suffered numerous head injuries. He also claims to have been on heroin while taking HIV medication on the day of the crime . . . . He does not show that any of these problems resulted in any defect in his mind whereby he could not perform the required intent to act knowingly or purposefully . . .

(Transcript of Post-Conviction Motion at 27-5 to 29-21.)

In the opinion affirming the denial of post conviction relief, the Appellate Division rejected the ineffective assistance of counsel claims without significant discussion, noting only that "Garreston can neither show counsel's performance was deficient under Strickland . . . nor that he was prejudiced." State v. Garretson, No. A-6148-00T4 slip op. at 4 (App. Div. Nov. 15, 2002). Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims because he has not shown that the adjudication of the claim by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, Strickland and its progeny.

In Ground Six, Petitioner claims ineffective assistance of appellate counsel. He asserts:

> Ground Six: THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL WHERE COUNSEL FAILED TO CONTEND THE EVIDENCE WAS INSUFFICIENT

13

>>AS A MATTER OF LAW TO PROVE DEFENDANT PURPOSELY OR KNOWINGLY PUT THE OCCUPANT IN FEAR OF IMMEDIATE BODILY INJURY.
>
>>Supporting Facts: HERE THE APPELLATE COUNSEL FAILED TO RAISE ON APPEAL THE MOST OBVIOUS AND SIGNIFICANT ISSUE OF THE EVIDENCE BEING INSUFFICIENT. AS A MATTER OF LAW, TO SUPPORT THE VERDICT, THROUGHOUT THE ENTIRE PROSECUTION THE DEFENSE CONTENDED THAT THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A FINDING OF GUILT UNDER THE STATUTE. WITHOUT ANY APPARENT REASON, APPELLATE COUNSEL ABANDONED THE "FAILURE OF PROOF" LINE OF DEFENSE. THUS, THIS DEPRIVES DEFENDANT OF PROPER APPELLATE REVIEW.

(Pet. ¶ 12.F.)

The trial court rejected Petitioner's ineffective assistance of appellate counsel claim on post conviction relief:

>With regard to ineffective assistance of appellate counsel, he next argues that his appellate counsel was ineffective for failing to contend that the evidence was insufficient as a matter of law to prove the defendant acted purposefully or knowingly in putting the occupant in fear of immediate bodily injury . . . . [C]ounsel is not required to present every conceivable argument, especially if the arguments are not supported by the record. Counsel must only present those arguments that have merit, that are significant.
>
>In this case, counsel has no obligation to present an argument that the evidence was insufficient as a matter of law. If you review the record, this is not a case where there were any insufficiencies. In fact, the evidence is overwhelming.

(Transcript of Post-Conviction Motion at 34-8 to 35-5.) The Appellate Division affirmed without significant discussion, emphasizing that there is no requirement for counsel to raise frivolous or useless arguments.

The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, id. at 396.  The ineffective assistance of counsel standard of Strickland, 466 U.S. at 686, applies to a claim that appellate counsel was ineffective.  See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).  However, "it is a well established principle that counsel decides which issues to pursue on appeal."  Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).  Appellate counsel is not constitutionally required to raise every nonfrivolous claim requested by the defendant.  See Jones v. Barnes, 463 U.S. 745, 751 (1983).  Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  Smith v. Robbins, 528 U.S. 259, 288 (2000).

Under these circumstances, Petitioner cannot show that the adjudication of his ineffective assistance of appellate counsel claim was contrary to, or involved an unreasonable application of, Strickland and its progeny.  See Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999) (rejecting state petitioner's § 2254 claim that right to effective assistance of counsel on direct appeal was violated by appellate counsel's failure to argue that trial counsel had rendered ineffective assistance).

D.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


　　　　　　　　　　　　　　　　　　/s Stanley R. Chesler, U.S.D.J.
　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER, U.S.D.J.


DATED: November 22, 2005